Adelfo **AVILA TRUJILLO**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 04–73847.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.\*

Filed April 10, 2006.

Adelfo Avila Trujillo, Los Osos, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department Of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, Esq., Anh–Thu P. Mai, Esq., Arthur L. Rabin, Esq., DOJ–U.S. Department of Justice Civil Div./Office Of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, McKEOWN, and PAEZ, Circuit Judges.

### MEMORANDUM \*\*

Adelfo Avila Trujillo, a native and citizen of Mexico, petitions pro se for review of

cation and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") order denying his application for cancellation of removal due to lack of a qualifying relative. We have jurisdiction under 8 U.S.C. § 1252. We review de novo claims of constitutional violations, *Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001), and we deny the petition for review.

Because the notice to appear was served when suspension of deportation relief was no longer available, Avila Trujillo was properly placed in removal proceedings. *See Vasquez–Zavala v. Ashcroft*, 324 F.3d 1105, 1107–08 (9th Cir.2003). Moreover, Avila Trujillo's contention that the Illegal Immigration Reform and Immigrant Responsibility Act is impermissibly retroactive is without merit. *See id.*

Avila Trujillo's due process challenge to the statutory requirements for cancellation of removal is also without merit. *See Hernandez–Mezquita v. Ashcroft*, 293 F.3d 1161, 1163–65 (9th Cir.2002) (explaining that the requirements for cancellation of removal are more restrictive than those for suspension of deportation, and approving Congress's natural line-drawing process in choosing to limit relief). Moreover, to the extent Avila Trujillo raises an equal protection challenge to the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), it is foreclosed by *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 602–03 (9th Cir.2002) (rejecting equal protection challenge to NACARA's favorable treatment of aliens from some countries, over

those from other countries, including Mexico).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.